## IN THE UNITED SATES DISTRICT COURT
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREY VOROBYEV as Admin. to the** | : |
| **Estate of Ivan Vorobyev, deceased** | : **CIVIL ACTION NO.** |
| **126 Deer Trail Road** | : |
| **Dingmans Ferry, PA 18328** | : |
| | : |
| **v.** | : |
| | : |
| **BLOOMSBURG UNIVERSITY OF** | : |
| **PENNSYLVANIA** | : |
| **400 E. Second Street** | : |
| **Bloomsburg, PA 17815-1301** | : |
| | : |
| **COMMONWEALTH OF PENNSYLVANIA** | : |
| **c/o: Office of the Attorney General** | : |
| **Chief Tort Litigation Unit, 15th Floor** | : |
| **Strawberry Square** | : |
| **Harrisburg, PA 17120** | : |
| | : |
| **LAURA WOLFE, MSN, CRNP** | : |
| **Bloomsburg University** | : |
| **Student Health Center** | : |
| **324 Kehr Union Building** | : |
| **Bloomsburg, PA 17815-1301** | : |
| | : |
| **JOHN DOE AND JANE ROE #1-10** | : |
| **Bloomsburg University** | : |
| **400 E. Second Street** | : |
| **Bloomsburg, PA 17815-1301** | : |

## COMPLAINT

This action is brought by Andrey Vorobyev in his individual capacity and the

Administrator of the Estate of Ivan Vorobyev, deceased, against the Defendants, **Bloomsburg**

**University of Pennsylvania, Commonwealth of Pennsylvania, Laura Wolfe, MSN, CRNP and**

**JOHN DOE AND JANE ROE #1-10,** for their negligent, careless, reckless, wanton, intentional,

malicious disregard for the health and welfare of Plaintiff's Decedent, Ivan Vorobyev, deliberate

indifference, and other acts that shock the conscience, as set forth more fully herein, under color

of law, which deprived the Plaintiff's Decedent, Ivan Vorobyev, of his civil rights, freedom and liberties as secured by the Fourteenth Amendment to the Constitution of the United States, by Title 42 United States Code Sections 1983 and 1988, and other federal and state statutes and causes of action.

A jury trial is demanded.

## A.    JURISDICTION AND VENUE

1.    This action arises under the Constitution of The United States, particularly, the Fourteenth Amendment to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, 42 U.S.C. § 1983; and other federal statutes. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4).

2.    This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' pendent claims, which are brought pursuant to the statutory and common law of the Commonwealth of Pennsylvania and all of the parties are residents of the Commonwealth. The pendent claims arise out of the same transaction or occurrence as the federal claims alleged herein.

3.    Venue is proper in this District pursuant to Title 28 of the United States Code, Section 1391(b)(1) because the Defendants can be found in, reside, or transact business in this District.

4.    Venue is proper in this District pursuant to Title 28 of the United States Code, Section 1391(b)(2) because the events or omissions giving rise to the claim occurred in this District.

**B.**     **PARTIES**

5.     Plaintiffs' Decedent, Ivan Vorobyev, was at all times relevant to this Complaint a student enrolled at and attending the Bloomsburg University of Pennsylvania. Ivan Vorobyev died at the age of 18 on November 29, 2018.

6.     Plaintiff, Andrey Vorobyev (hereinafter referred as "Plaintiff"), the parent of Decedent, Ivan Vorobyev, is an adult citizen and individual of the Commonwealth of Pennsylvania residing at the address set forth in the caption above.  Plaintiff, Andrey Vorobyev was appointed as the Administrator of the Estate of Ivan Vorobyev by the Pike County Register of Wills on December 28, 2018. Plaintiff brings this action in his capacity as the Administrator of the Estate and for the benefit of Ivan Vorobyev's heirs

7.     Defendant, Bloomsburg University of Pennsylvania (hereinafter referred to as "Bloomsburg University"), is a Commonwealth entity and public university that is part of the Pennsylvania State System of Higher Education, created and existing pursuant to the laws of the Commonwealth of Pennsylvania, which regularly conducts and transacts business at the address set forth in the caption above.

8.     At all times relevant and material hereto, Defendant, Bloomsburg University, was provided notice of the within occurrence, as more fully set forth hereinafter at length, in compliance with the Notice Prerequisite to an action against a government unit, pursuant to 42 Pa.C.S.A. Section 5522.

9.     Defendant, Commonwealth of Pennsylvania (hereinafter referred to as "the Commonwealth"), is a Commonwealth entity, which regularly conducts and transacts business at the address set forth in the caption above.

10.     At all times relevant and material hereto, Defendant, the Commonwealth, was provided notice of the within occurrence, as more fully set forth hereinafter at length, in compliance with the Notice Prerequisite to an action against a government unit, pursuant to 42 Pa.C.S.A. Section 5522.

11.     Upon information and belief, at all times relevant and material hereto, Defendants Bloomsburg University and the Commonwealth, by and through their employees, agents, servants, workers, contractors, and/or other representatives, including Defendants John Does and Jane Roes, #1-10, operated a Student Health Center located at the Bloomsburg University of Pennsylvania, 324 Kehr Union Building, 400 E. 2nd St. Bloomsburg, PA 17815 with the stated purpose of providing "high quality, basic health care" to students enrolled at and attending Bloomsburg University, including those students who present to the Student Health Center.

12.     Upon information and belief, at all times relevant and material hereto, Defendants Bloomsburg University and the Commonwealth, by and through their employees, agents, servants, workers, contractors, and/or other representatives, including Defendants John Does and Jane Roes, #1-10, were responsible for formulating, creating, adopting and enforcing rules, regulations, policies, protocols, and procedures for the management of the Student Health Center at Bloomsburg University and for the conduct and deportment of employees, including Defendant Laura Wolfe, MSN, CRNP, and other medical providers, including John Does and Jane Roes #1-10, working at the Student Health Center.

13.     Upon information and belief, at all times relevant and material hereto, Defendants Bloomsburg University and the Commonwealth, by and through their employees, agents, servants, workers, contractors, and/or other representatives, including Defendants John Does and Jane Roes, #1-10, were responsible for formulating, creating, adopting and enforcing rules, regulations,

policies, protocols, and procedures for the provision of medical care to students who present to the Student Health Center.

14. Upon information and belief, at all times relevant and material hereto, Defendants Bloomsburg University and the Commonwealth, by and through their employees, agents, servants, workers, contractors, and/or other representatives, including Defendants John Does and Jane Roes, #1-10, were responsible for selecting, hiring, and retaining only competent physicians, certified registered nurse practitioners, registered nurses and other such Student Health Center staff, including Defendant Laura Wolfe, MSN, CRNP and John Does and Jane Roes #1-10.

15. Upon information and belief, at all times relevant and material hereto, Defendants Bloomsburg University and the Commonwealth, by and through their employees, agents, servants, workers, contractors, and/or other representatives, including Defendants John Does and Jane Roes, #1-10, were responsible for educating and training Student Health Center staff, including Defendant Laura Wolfe, MSN, CRNP and John Does and Jane Roes #1-10, in regard to the rules, regulations, policies, protocols, and procedures for the provision of medical care to students who present to the Student Health Center.

16. Defendant, Laura Wolfe, MSN, CRNP (hereinafter referred to as "Defendant Wolfe") is a certified registered nurse practitioner licensed and authorized to practice nursing in the Commonwealth of Pennsylvania, with a regular place of business at the address set forth in the caption above. Upon information and belief, Defendant Wolfe was a certified registered nurse practitioner employed as a staff member at Defendant, Bloomsburg University's Student Health Center located at 324 Kehr Union Building, 400 E. 2nd St. Bloomsburg, PA 17815 and was responsible for approving and/or selecting the medical services Plaintiff's Decedent, Ivan Vorobyev, received at the aforesaid Student Health Center on November 28, 2018, as set forth

more fully herein, including assessing, evaluating, diagnosing, treating, and making and/or approving referral and transfer to medical providers and emergency facilities outside of the Student Health Center.

17.     At all times material and relevant hereto, the Defendants, and each of them, acted under color of state law and in furtherance of the business activities and affairs of each Defendant and within the scope and course of their employment and authority.

18.     At all times material and relevant hereto, Defendant, Wolfe, was the employee, agent, servant, worker, contractor, and/or other representative of Defendants Bloomsburg University and the Commonwealth, acting individually and/or within the course and scope of her employment and/or agency and in furtherance of the business and affairs of her said employer(s) and /or principal(s).

19.     At all times relevant and material hereto, Defendants, Bloomsburg University and the Commonwealth, had the right and duty to oversee the medical care provided by Defendant, Laura Wolfe, MSN, CRNP and other Student Health Center Staff, including John Does and Jane Roes #1-10.

20.     At all times relevant and material hereto, Defendant, Laura Wolfe, MSN, CRNP, was the employee, servant, and official of Defendants Bloomsburg University and the Commonwealth and is sued in her individual and official capacity.

## C.     FACTS GIVING RISE TO THE CAUSES OF ACTION

21.     At all times relevant and material hereto, Plaintiffs' Decedent, Ivan Vorobyev, was attending Bloomsburg University, where he was enrolled as a student.

22.     At all times relevant and material hereto, Plaintiffs' Decedent, Ivan Vorobyev, suffered from Type I diabetes, a medical condition with which he was diagnosed during his early childhood.

23.     On or about October 25, 2018, Plaintiffs' Decedent, Ivan Vorobyev, was seen at the Bloomsburg University Student Health Center by Cherly Aukamp, BSN, RN, (hereinafter referred to as "RN Aukamp") an employee, agent, servant, worker, contractor, and/or other representative of Defendants Bloomsburg University and the Commonwealth.

24.     Sometime before his October 25, 2018 visit with RN Aukamp, Ivan Vorobyev completed a Health History Form that was submitted to Defendants Bloomsburg University and the Commonwealth. On the Health History Form, Ivan Vorobyev indicated he had suffered from type 1 diabetes since age ten.

25.     During his October 25, 2018 visit to the Student Health Center, RN Aukamp documented Ivan Vorobyev's past history of type I diabetes and that Ivan Vorobyev informed her he had periodic attendance at his classes over a period of approximately two weeks due to unstable blood sugars. RN Aukamp further documented that Ivan Vorobyev felt his blood sugars had been more unstable recently because of added stressors in his life.

26.     During his October 25, 2018 visit to the Student Health Center, RN Aukamp documented that Plaintiffs' Decedent, Ivan Vorobyev, had obtained a letter from the medical providers managing his type I diabetes (Dr. William V. Tamborlane and Kate Weyman, MSN, APRN, CDE of Yale Medicine) which contained specific instructions regarding the management of his type I diabetes. A copy of the letter was entered into Ivan Vorobyev's medical records maintained at the Student Health Center.

27.     The letter from Dr. Tamborlane and Nurse Weyman, a true and correct copy of which is attached hereto as **Exhibit A,** contained a detailed description of Ivan Vorobyev's type I diabetes and description of the increased challenges the environment at Bloomsburg University posed to the management of his type I diabetes. The letter also outlined signs and symptoms of serious complications caused by his type I diabetes, including diabetic ketoacidosis ("DKA"), providing the Defendants herein with a roadmap for the diagnosis of such complications. Particularly, the letter stated:

> **Sustained high blood sugar levels may affect concentration and if untreated, can lead to nausea and vomiting and more serious complications such as ketosis and, if left untreated, life threatening diabetic ketoacidosis (DKA)**.  (*See* **Exhibit A**) (Emphasis added).

28.     Upon information and belief, the aforesaid Health History Form, the letter from Dr. Tamborlane and Nurse Weyman, and the notations of RN Aukamp from Ivan Vorobyev's October 25, 2018 visit to the Student Health Center all became part of Ivan Vorobyev's medical chart maintained at the Student Health Center and their contents were known to the Defendants herein.

29.     On or about November 28, 2018 at approximately 12:04 p.m., Ivan Vorobyev called the Student Health Center and left a message wherein he related that he had been vomiting for several hours and wanted to speak to a nurse before an appointment he had scheduled for 2:20 p.m. on that same date.

30.     Upon information and belief, on or about November 28, 2018, Kimberly Zalewski, MSN, RN (hereinafter referred to as "RN Zalweski"), an employee, agent, servant, worker, contractor, and/or other representative of Defendants Bloomsburg University and the Commonwealth, returned Ivan Vorobyev's call and discussed his symptoms. RN Zalewski documented classic and patently obvious signs and symptoms of sustained high blood sugar and

diabetic ketoacidosis, including nausea, vomiting (7-8 times since 9:00 a.m. that morning), abdominal pain and a blood sugar reading of 130 mg/dL, wherein a normal range is 79 to 115 mg/dL. RN Zalewski advised Ivan Vorobyev to bring his insurance card with him to his 2:20 p.m. appointment in case he was sent to an emergency department.

31.     On or about November 28, 2018, at approximately 2:20 p.m., Ivan Vorobyev was evaluated by Defendant Laura Wolfe, MSN, CRNP (hereinafter referred to as "Defendant Wolfe"), at the Student Health Center.

32.     Upon information and belief, at all times relevant and material hereto, Defendant Wolfe knew of Ivan Vorobyev's history of type I diabetes and was fully aware of (a) the prior notations made in his medical chart by RN Aukamp and RN Zalewski, (b) the contents of the aforesaid letter from Dr. Tamborlane and Nurse Weyman, and (c) that Ivan Vorobyev was taking medication for his diabetes, specifically Levemir, 100 unit/mil and Novolog, 100 unit/ml.

33.      Upon information and belief, Defendant Wolfe knew that Ivan Vorobyev's symptoms, including, but not limited to, high blood sugar, nausea and vomiting were classic and obvious signs of acute complications of type I diabetes and that, if left untreated, such complications could lead to life threatening diabetic ketoacidosis.

34.     During his visit of November 28, 2018 at the Student Health Center, Defendant Wolfe documented that Ivan Vorobyev's blood sugar had increased to 150mg/dL prior to his 2:20 p.m. visit to the Student Health Center. Defendant Wolfe further documented Ivan Vorobyev was suffering from nausea, vomiting, abdominal pain, light-headedness and dizziness, that he "looked ill," that his mouth was dry, and that he had dry mucous membranes.

35. During his visit of November 28, 2018 at the Student Health Center, Defendant Wolfe documented Ivan Vorobyev's glucose testing was reported at 469 mg/dL, whereas a normal reference range is 79 to 115 mg/dL.

36. Despite her knowledge of Ivan Vorobyev's past history of type I diabetes, the aforesaid letter from Dr. Tamborlane and Nurse Weyman , Ivan Vorobyev's incredibly high blood sugar levels, and his presentation with classic and patently obvious signs of acute complications of type I diabetes, including, but not limited to, diabetic ketoacidosis, Defendant Wolfe incorrectly diagnosed Ivan Vorobyev with "nausea with vomiting, unspecified," inappropriately prescribed him chewable bismuth tablets and diphenhydramine, and sent him back to his dormitory to wait for his father to pick him up and take him home.  At the time, Ivan Vorobyev's father was approximately one (1) hour away.

37. Despite Defendant Wolfe's knowledge of Ivan Vorobyev's past history of type I diabetes, the aforesaid letter from Dr. Tamborlane and Nurse Weyman, Ivan Vorobyev's incredibly high blood sugar levels, the clear and patently obvious signs of acute complications of type I diabetes, including, but not limited to, diabetic ketoacidosis, and Defendant Wolfe's knowledge that the Student Health Center was not equipped to provide a proper and complete workup and evaluation of Ivan Vorobyev's symptoms, including, but not limited to, the inability to run a basic metabolic panel and/or blood gas test, Defendant Wolfe failed to provide a differential diagnosis consistent with the clear and obvious acute complications of type 1 diabetes suffered by Ivan Vorobyev and failed to promptly arrange for his transfer to an emergency facility or specialist.

38.     At the time of the November 28, 2018 visit at the Student Health Center, Ivan Vorobyev's condition limited his ability to concentrate and to make proper decisions pertaining to his health, safety and welfare.

39.     It is believed, and therefore averred, that at the time of the November 28, 2018 visit at the Student Health Center, Defendant Wolfe knew Ivan Vorobyev's condition limited his ability to concentrate and to make proper decisions pertaining to his health, safety and welfare.

40.     Relying on the incorrect diagnosis provided by Defendant Wolfe, Ivan Vorobyev left Bloomsburg University with his father, Plaintiff Andrey Vorobyev, after his appointment at the Student Health Center and returned home.

41.     Upon information and belief, Ivan Vorobyev's blood sugar had increased to approximately 600 mg/dL sometime after he returned home.

42.     On the evening of November 28, 2018, Ivan Vorobyev collapsed at his home in front of Plaintiff, Andrey Vorobyev and suffered cardiac arrest.

43.     Ivan Vorobyev was transferred by ambulance to the Lehigh Valley Hospital – Pocono where he remained hospitalized until his demise on November 29, 2018. His stated cause of death was cardiac arrest from hypovolemia, severe diabetic ketoacidosis, cerebral edema, and brain death.

44.     At all times relevant and material hereto, as evidenced by the lack of appropriate care provided to Ivan Vorobyev in this case, Defendants Bloomsburg University and the Commonwealth, by and through their employees, agents, servants, workers, contractors, and/or other representatives, including John Does and Jane Roes #1-10, with deliberate indifference, failed to formulate, create, develop, adopt, implement and enforce policies, practices, and

procedures to ensure that students in the position of Ivan Vorobyev would receive proper and adequate medical care in accordance with appropriate standards of care.

45.     At all times relevant to this Complaint, as evidenced by the lack of appropriate care provided to Ivan Vorobyev in this case, Defendants Bloomsburg University and the Commonwealth, by and through their employees, agents, servants, workers, contractors, and/or other representatives, including John Does and Jane Roes #1-10, with deliberate indifference, failed to select, hire, and retain only competent physicians, certified registered nurse practitioners, registered nurses and other such Student Health Center staff, including Defendants Laura Wolfe, MSN, CRNP and John Does and Jane Roes #1-10, so as to ensure that students in the position of Ivan Vorobyev would receive proper and adequate medical care in accordance with appropriate standards of care.

46.     At all times relevant to this Complaint, as evidenced by the lack of appropriate care provided to Ivan Vorobyev in this case, Defendants Bloomsburg University and the Commonwealth, with deliberate indifference, failed to properly education, train, supervise and discipline medical personnel at the Student Health Center, including Defendants Wolfe and John Does and Jane Roes #1-10, so as to ensure that students in the position of Ivan Vorobyev would receive proper and adequate medical care in accordance with appropriate standards of care.

47.     At all times relevant to this Complaint, the conduct of Defendants was in willful, reckless, and callous disregard of Ivan Vorobyev's rights under federal and state law.

48.     As a direct and proximate result of the deliberate indifference and the negligent, careless, reckless, intentional and malicious acts of all Defendants, jointly and severally, as more fully set forth herein, Ivan Vorobyev suffered harm including:

Case 1:02-at-06000-UN Document 38 Filed 08/05/20 Page 13 of 28

  a.  Enormous physical and emotional pain and suffering;

  b.  Anxiety;

  c.  Fear and fright;

  d.  Mental anguish;

  e.  Death;

  f.  Past and future loss of life's pleasures;

  g.  Complete loss of earnings and earning capacity;

  h.  Past medical expenses;

  n.  Such other ills and injuries set forth in the medical records and which will be set forth, and more fully described, as this lawsuit continues.

**COUNT I**
**PLAINTIFF v. DEFENDANTS BLOOMSBERG UNIVERSITY OF PENNSYLVANIA,**
**COMMONWEALTH OF PENNSYLVANIA, LAURA WOLFE, MSN, CRNP,**
**AND JOHN DOE AND JANE ROE 1-10**
**(CIVIL RIGHTS)**

49.  Plaintiff hereby incorporates by reference paragraphs 1 through 47 as though same were set forth fully herein at length.

50.  Defendant Bloomsburg University is a Commonwealth entity that is subject to suit pursuant to 42 U.S.C. § 1983.

51.  Defendant Bloomsburg University's constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, *et seq* or 42 Pa.C.S. § 8521, *et seq.*

52.  Defendant Commonwealth of Pennsylvania is a Commonwealth entity that is subject to suit pursuant to 42 U.S.C. § 1983.

53.  Defendant Commonwealth of Pennsylvania's constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, *et seq* or 42 Pa.C.S. § 8521, *et seq.*

54. Defendant Wolfe's constitutional torts are not governed or limited in any way by 42 Pa.C.S. § 8541, *et seq* or 42 Pa.C.S. § 8521, *et seq.*

55. Defendants Bloomsburg University, Commonwealth of Pennsylvania, Wolfe and John Does and Jane Roes #1-10, violated Ivan Vorobyev's substantive due process right to bodily integrity, which is secured by the Fourteenth Amendment to the Constitution of the United States.

56. At all times material hereto, Defendants Bloomsburg University, Commonwealth of Pennsylvania, Wolfe and John Does and Jane Roes #1-10 acted under color of state law.

57. At all times material hereto, Defendants Bloomsburg University, Commonwealth of Pennsylvania acted under color of state law by and through their employees, agents, ostensible agents, servants, workers, contractors, and/or other representatives, including Defendants Wolfe and John Doe and Jane Roe #1-10.

58. The specific harm to which Defendants Bloomsburg University, Commonwealth of Pennsylvania, Wolfe and John Does and Jane Roes #1-10 exposed Ivan Vorobyev was foreseeable and direct in that the aforesaid Defendants were aware that the negligent, careless, reckless, willful and wanton conduct, commissions and omissions, deliberate indifference, and failures to comply with the applicable standards of medical care, as set forth more fully herein, would result in harm to Ivan Vorobyev, including, but not limited to, severe diabetic ketoacidosis and death.

59. The reckless, willful and wanton conduct, deliberate indifference, commissions and omissions, and failures to comply with the applicable standards of medical care of Defendants Bloomsburg University, Commonwealth of Pennsylvania, Wolfe and John Does and Jane Roes #1-10, as set forth more fully herein, created a degree of culpability that shocks the conscience.

60. Defendant Wolfe acted in willful disregard of the safety of Ivan Vorobyev when she:

(a) Incorrectly diagnosed Ian Vorobyev with "nausea with vomiting, unspecified," and sent him back to his dormitory to wait for his father to pick him up despite Defendant Wolfe's knowledge of Ivan Vorobyev's past history of type I diabetes mellitus, the aforesaid letter from Dr. Tamborlane and Nurse Weyman, his incredibly high blood sugar levels, and the clear and patently obvious signs of acute complications of type I diabetes mellitus, including, but not limited to, diabetic ketoacidosis;

(b) Failed to provide a differential diagnosis consistent with the clear and patently obvious signs of acute complications of type 1 diabetes suffered by Ivan Vorobyev despite her knowledge of Ivan Vorobyev's past history of type 1 diabetes mellitus, his incredibly high blood sugar levels, and the clear and patently obvious signs of acute complications of type I diabetes mellitus, including, but not limited to, diabetic ketoacidosis;

(c) Failed to conform to all applicable standards of nursing care under the circumstances;

(d) Failed to examine Ivan Voroybev with the care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(e) Failed to take Ivan Vorobyev's medical history with the care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(f) Failed to recognize and/or consider in a timely manner, or even at all, that Ivan Vorobyev's was suffering patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(g) Refused and/or failed to promptly send and/or refer Ivan Vorobyev or recommend that a physician send and/or refer Ivan Vorobyev to an appropriate emergency room facility and/or specialist when she knew he was suffering from patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(h) Delayed Ivan Vorobyev's examination and/or treatment by an appropriate specialist when she knew he was suffering from patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(i) Failed to possess and exercise the degree of knowledge, care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(j) Improperly assessed the medical condition of Ivan Vorobyev;

(k)     Failed to timely and properly make observations of Ivan Vorobyev;

(l)     Such other and further acts and/or omissions to act of negligence, carelessness, recklessness, willful and wanton conduct, and deliberate indifference as may be revealed through discovery which is in the exclusive possession and control of the Defendants herein.

61.     The self-described commitment of Defendants Bloomsburg University and the Commonwealth of Pennsylvania to provide "high quality, basic health care" to students enrolled at and attending Bloomsburg University formed a relationship such that Ivan Vorobyev was a foreseeable victim of the conduct of Defendants Bloomsburg University, Commonwealth of Pennsylvania, Wolfe and John Doe and Jane Roe #1-10.

62.     As a student enrolled at Bloomsburg University and seeking treatment at the Student Health Center, Ivan Vorobyev was a member of a discrete class of persons subjected to the potential harm brought about by the conduct of Defendants Bloomsburg University, Commonwealth of Pennsylvania, Wolfe and John Doe and Jane Roe #1-10.

63.     Defendant Wolfe affirmatively used her authority over Ivan Vorobyev in a way that created a danger to Ivan Vorobyev by engaging in the reckless, willful and wanton conduct, deliberate indifference, commissions and omissions, and failures to comply with the applicable standards of medical care, as set forth more fully herein, including, but not limited to:

(a)     Incorrectly diagnosing Ian Vorobyev with "nausea with vomiting, unspecified," and sent him back to his dormitory to wait for his father to pick him up despite Defendant Wolfe's knowledge of Ivan Vorobyev's past history of type I diabetes mellitus, the aforesaid letter from Dr. Tamborlane and Nurse Weyman, his incredibly high blood sugar levels, and the clear and patently obvious signs of acute complications of type I diabetes mellitus, including, but not limited to, diabetic ketoacidosis;

(b)     Failing to provide a differential diagnosis consistent with the clear and patently obvious signs of acute complications of type 1 diabetes suffered by Ivan Vorobyev despite her knowledge of Ivan Vorobyev's past history of type 1 diabetes mellitus, his incredibly high blood sugar levels, and the clear and patently obvious signs of acute complications of type I diabetes mellitus, including, but not limited to, diabetic ketoacidosis;

(c)     Failing to conform to all applicable standards of nursing care under the circumstances;

(d)     Failing to examine Ivan Voroybev with the care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(e)     Failing to take Ivan Vorobyev's medical history with the care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(f)     Failing to recognize and/or consider in a timely manner, or even at all, that Ivan Vorobyev's was suffering patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(g)     Refusing and/or failing to promptly send and/or refer Ivan Vorobyev or recommend that a physician send and/or refer Ivan Vorobyev to an appropriate emergency room facility and/or specialist when she knew he was suffering from patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(h)     Delaying Ivan Vorobyev's examination and/or treatment by an appropriate specialist when she knew he was suffering from patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(i)     Failing to possess and exercise the degree of knowledge, care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(j)     Improperly assessing the medical condition of Ivan Vorobyev;

(k)     Failing to timely and properly make observations of Ivan Vorobyev;

(l)     Such other and further acts and/or omissions to act of negligence, carelessness, recklessness, willful and wanton conduct, and deliberate indifference as may be revealed through discovery which is in the exclusive possession and control of the Defendants herein.

64.     Defendant Wolfe affirmatively used her authority over Ivan Vorobyev in a way that rendered him substantially more vulnerable to danger than had Defendant Wolfe not acted at all when she engaged in the reckless, willful and wanton conduct, deliberate indifference,

commissions and omissions, and failures to comply with the applicable standards of medical care,

as set forth more fully herein, including, but not limited to:

(a)    Incorrectly diagnosing Ian Vorobyev with "nausea with vomiting, unspecified," and sent him back to his dormitory to wait for his father to pick him up despite Defendant Wolfe's knowledge of Ivan Vorobyev's past history of type I diabetes mellitus, the aforesaid letter from Dr. Tamborlane and Nurse Weyman, his incredibly high blood sugar levels, and the clear and patently obvious signs of acute complications of type I diabetes mellitus, including, but not limited to, diabetic ketoacidosis;

(b)    Failing to provide a differential diagnosis consistent with the clear and patently obvious signs of acute complications of type 1 diabetes suffered by Ivan Vorobyev despite her knowledge of Ivan Vorobyev's past history of type 1 diabetes mellitus, his incredibly high blood sugar levels, and the clear and patently obvious signs of acute complications of type I diabetes mellitus, including, but not limited to, diabetic ketoacidosis;

(c)    Failing to conform to all applicable standards of nursing care under the circumstances;

(d)    Failing to examine Ivan Voroybev with the care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(e)    Failing to take Ivan Vorobyev's medical history with the care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(f)    Failing to recognize and/or consider in a timely manner, or even at all, that Ivan Vorobyev's was suffering patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(g)    Refusing and/or failing to promptly send and/or refer Ivan Vorobyev or recommend that a physician send and/or refer Ivan Vorobyev to an appropriate emergency room facility and/or specialist when she knew he was suffering from patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(h)    Delaying Ivan Vorobyev's examination and/or treatment by an appropriate specialist when she knew he was suffering from patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(i)    Failing to possess and exercise the degree of knowledge, care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(j)    Improperly assessing the medical condition of Ivan Vorobyev;

Case 3:02-cv-06000-UNC Document 738 Filed 08/06/20 Page 19 of 28

(k)    Failing to timely and properly make observations of Ivan Vorobyev;

(l)    Such other and further acts and/or omissions to act of negligence, carelessness, recklessness, willful and wanton conduct, and deliberate indifference as may be revealed through discovery which is in the exclusive possession and control of the Defendants herein.

65.    Defendant Wolfe affirmatively used her authority over Ivan Vorobyev in a way that increased his risk of harm when she engaged in the reckless, willful and wanton conduct, deliberate indifference, comissions and omissions, and failures to comply with the applicable standards of medical care, as set forth more fully herein, including, but not limited to:

(a)    Incorrectly diagnosing Ian Vorobyev with "nausea with vomiting, unspecified," and sent him back to his dormitory to wait for his father to pick him up despite Defendant Wolfe's knowledge of Ivan Vorobyev's past history of type I diabetes mellitus, the aforesaid letter from Dr. Tamborlane and Nurse Weyman, his incredibly high blood sugar levels, and the clear and patently obvious signs of acute complications of type I diabetes mellitus, including, but not limited to, diabetic ketoacidosis;

(b)    Failing to provide a differential diagnosis consistent with the clear and patently obvious signs of acute complications of type 1 diabetes suffered by Ivan Vorobyev despite her knowledge of Ivan Vorobyev's past history of type 1 diabetes mellitus, his incredibly high blood sugar levels, and the clear and patently obvious signs of acute complications of type I diabetes mellitus, including, but not limited to, diabetic ketoacidosis;

(c)    Failing to conform to all applicable standards of nursing care under the circumstances;

(d)    Failing to examine Ivan Voroybev with the care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(e)    Failing to take Ivan Vorobyev's medical history with the care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(f)    Failing to recognize and/or consider in a timely manner, or even at all, that Ivan Vorobyev's was suffering patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(g)    Refusing and/or failing to promptly send and/or refer Ivan Vorobyev or recommend that a physician send and/or refer Ivan Vorobyev to an appropriate emergency room

facility and/or specialist when she knew he was suffering from patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(h)    Delaying Ivan Vorobyev's examination and/or treatment by an appropriate specialist when she knew he was suffering from patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(i)    Failing to possess and exercise the degree of knowledge, care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(j)    Improperly assessing the medical condition of Ivan Vorobyev;

(k)    Failing to timely and properly make observations of Ivan Vorobyev;

(l)    Such other and further acts and/or omissions to act of negligence, carelessness, recklessness, willful and wanton conduct, and deliberate indifference as may be revealed through discovery which is in the exclusive possession and control of the Defendants herein.

66.    As a certified registered nurse practitioner providing treatment to students at the Bloomsburg University Student Health Center, Defendant Wolfe affirmatively used her authority to create an opportunity that otherwise would not have existed for Ivan Vorobyev to suffer the harms set forth more fully herein.

67.    The acts of Defendants Bloomsburg University, Commonwealth of Pennsylvania, Wolfe and John Doe and Jane Roe, #1-10, constitute a "state-created danger," rendering them liable to Ivan Vorobyev for violation of his civil rights.

68.    Despite their awareness of the risk of harm to Ivan Vorbyev at the Student Health Center caused by failures to provide proper and adequate medical care in accordance with appropriate standards of care policymakers within Defendants Bloomsburg University and Commonwealth of Pennsylvania, including Defendants John Doe and Jane Roe, #1-10, either deliberately chose not to educate, train and/or supervise their employees, including Defendant Wolfe, regarding policies, practices, and procedures to ensure that students in the position of Ivan

Vorobyev would receive proper and adequate medical care in accordance with appropriate standards of care, or acquiesced in a longstanding practice or custom of inaction in this regard.

69.     Despite their awareness of the risk of harm to Ivan Vorobyev at the Student Health Center caused by failures to provide proper and adequate medical care in accordance with appropriate standards of care policymakers within Defendants Bloomsburg University and Commonwealth of Pennsylvania, including Defendants John Doe and Jane Roe, #1-10, either deliberately chose not to select, hire and retain employees with the appropriate training, knowledge, and experience to ensure that students in the position of Ivan Vorobyev would receive proper and adequate medical care in accordance with appropriate standards of care, or acquiesced in a longstanding practice or custom of inaction in this regard.

70.     The constitutional rights violated by Defendants Bloomsburg University, Commonwealth of Pennsylvania, Wolfe, and John Doe and Jane Roe, #1-10, consisted of liberty, privacy, and bodily integrity.

71.     Defendants Bloomsburg University, Commonwealth of Pennsylvania, Wolfe and John Doe and Jane Roe, #1-10, acted intentionally and/or with deliberate indifference to the rights of Ivan Voroybyev.

72.     As a direct result of the actions of Defendants Bloomsburg University, Commonwealth of Pennsylvania, Wolfe and John Doe and Jane Roe, #1-10, as set forth above, Ivan Vorobyev was caused to suffer the harms set forth in Paragraph 48 above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of one hundred fifty thousand dollars ($150,000.00), together with such other further relief which this Court deems just and appropriate, including any compensatory, punitive, treble, consequential and delay damages, attorney's fees and costs to which he is entitled.

## COUNT II
## PLAINTIFF V. DEFENDANT LAURA WOLFE, MSN, CRNP

73.     Plaintiff hereby incorporates by reference paragraphs 1 through 72 as though same were fully set forth herein at length.

74.     At all relevant and material times hereto, Defendant Wolfe disregarded her duty to provide the plaintiff with proper nursing and medical care.

75.     The nursing malpractice, negligence, carelessness, recklessness, willful and wanton conduct, omissions and failures to comply with the applicable standards of nursing and medical care and conduct on the part of Defendant Wolfe consisted of the following:

(a)     Incorrectly diagnosing Ian Vorobyev with "nausea with vomiting, unspecified," and sent him back to his dormitory to wait for his father to pick him up despite Defendant Wolfe's knowledge of Ivan Vorobyev's past history of type I diabetes mellitus, the aforesaid letter from Dr. Tamborlane and Nurse Weyman, his incredibly high blood sugar levels, and the clear and patently obvious signs of acute complications of type I diabetes mellitus, including, but not limited to, diabetic ketoacidosis;

(b)     Failing to provide a differential diagnosis consistent with the clear and patently obvious signs of acute complications of type 1 diabetes suffered by Ivan Vorobyev despite her knowledge of Ivan Vorobyev's past history of type 1 diabetes mellitus, his incredibly high blood sugar levels, and the clear and patently obvious signs of acute complications of type I diabetes mellitus, including, but not limited to, diabetic ketoacidosis;

(c)     Failing to conform to all applicable standards of nursing care under the circumstances;

(d)     Failing to examine Ivan Voroybev with the care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(e)     Failing to take Ivan Vorobyev's medical history with the care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(f)     Failing to recognize and/or consider in a timely manner, or even at all, that Ivan Vorobyev's was suffering patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

22

Case 3:20-cv-06000-UN Document 38 Filed 08/06/20 Page 23 of 28

(g)     Refusing and/or failing to promptly send and/or refer Ivan Vorobyev or recommend that a physician send and/or refer Ivan Vorobyev to an appropriate emergency room facility and/or specialist when she knew he was suffering from patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(h)     Delaying Ivan Vorobyev's examination and/or treatment by an appropriate specialist when she knew he was suffering from patently obvious signs and symptoms of acute complications of type I diabetes mellitus;

(i)     Failing to possess and exercise the degree of knowledge, care and skill ordinarily exercised in similar cases by a certified registered nurse practitioner;

(j)     Improperly assessing the medical condition of Ivan Vorobyev;

(k)     Failing to timely and properly make observations of Ivan Vorobyev;

(l)     Such other and further acts and/or omissions to act of negligence, carelessness, recklessness, willful and wanton conduct, and deliberate indifference as may be revealed through discovery which is in the exclusive possession and control of the Defendants herein.

76.     As a direct and proximate result of Defendant Nurse Wolfe's negligence, carelessness, recklessness, willful and wanton conduct, deliberate indifference, commissions and omissions, and failures to comply with the applicable standards of medical care and conduct, as set forth more fully herein, Ivan Vorobyev was caused to suffer the harms set forth in Paragraph 48 above.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of one hundred fifty thousand dollars ($150,000.00), together with such other further relief which this Court deems just and appropriate, including any compensatory, punitive, treble, consequential and delay damages, attorney's fees and costs to which he is entitled.

## COUNT III
## PLAINTIFF V. DEFENDANTS BLOOMSBURG UNIVERISTY OF PENNSYLVANIA, COMMONWEALTH OF PENNSYLVANIA AND JOHN DOE AND JANE ROE, #1-10

77.     Plaintiff hereby incorporates by reference paragraph 1 through 76 as if same were set forth fully herein at length.

78.     At all times relevant hereto, Defendants Wolfe and John Doe and Jane Roe #1-10 were the employees, agents, servants, workers, contractors, and/or other representatives of Defendants Bloomsburg University and Commonwealth of Pennsylvania.

79.     As the employer and/or principal of the aforesaid individual Defendants, Defendants Bloomsburg University and Commonwealth of Pennsylvania are liable for all of the aforesaid acts and omissions constituting nursing malpractice, negligence, carelessness, recklessness, willful and wanton conduct, deliberate indifference, commissions and omissions, and failures to comply with the applicable standards of medical and/or nursing care and conduct on the part of said individual defendants.

80.     As a direct and proximate result of the aforesaid acts and omissions constituting nursing malpractice, negligence, carelessness, recklessness, willful and wanton conduct, deliberate indifference, commissions and omissions, and failures to comply with the applicable standards of medical and/or nursing care and conduct on the part of employees, agents, servants, workers, contractors, and/or other representatives of Defendants Bloomsburg University and Commonwealth of Pennsylvania, including Defendants Wolfe and John Doe and Jane Roe #1-10, Ivan Vorobyev was caused to suffer the harms set forth in Paragraph 48 above.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of one hundred fifty thousand dollars ($150,000.00), together with such other further relief which this Court deems just and appropriate, including any compensatory, punitive, treble, consequential and delay damages, attorney's fees and costs to which he is entitled.

## COUNT IV
### PLAINTIFF V. DEFENDANTS BLOOMSBURG UNIVERISTY OF PENNSYLVANIA, COMMONWEALTH OF PENNSYLVANIA AND JOHN DOE AND JANE ROE #1-10 (CORPORATE NEGLIGENCE)

81.     Plaintiff hereby incorporates by reference paragraph 1 through 80 as though same were fully set forth herein at length.

82.     The corporate negligence of Defendants Bloomsburg University, the Commonwealth and John Doe and Jane Roe #1-10 arise out of the medical evaluation, care, and treatment rendered to Ivan Vorobyev under the doctrinal tenets set forth in the Supreme Court of Pennsylvania in Thompson v. Nason, 527 Pa. 330, 591 A.2d 703 (1991) and its progeny of case law.

83.     Defendants Bloomsburg University, the Commonwealth and John Doe and Jane Roe #1-10 owed a non-delegable duty directly to Ivan Vorobyev pursuant to Thompson and its progeny of case law, which consisted of:

        a.      a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment;

        b.      a duty to select and retain only competent physicians, certified registered nurse practitioners, registered nurses and other such medical staff ;

        c.      a duty to oversee all persons who practice medicine within its walls as to patient care; and;

        d.      a duty to formulate, adopt, and enforce adequate rules and policies to ensure quality care for the patients.

84.     Defendants Bloomsburg University, the Commonwealth and John Doe and Jane Roe #1-10 failed to comply with the non-delegable duties that they each owed to Ivan Vorobyev pursuant to Thompson and its progeny of case law, as previously described herein.

85.     As a direct and proximate result of the aforesaid acts and omissions constituting negligence, corporate negligence, carelessness, recklessness, willful and wanton conduct, deliberate indifference, commissions and omissions, and failures to comply with the applicable standards of medical and/or nursing care and conduct on the part of the employees, agents, servants, workers, contractors, and/or other representatives of Defendants Bloomsburg University and Commonwealth of Pennsylvania, including Defendants Wolfe and John Doe and Jane Roe #1-10, as more fully set forth herein, Ivan Vorobyev was caused to suffer the harms set forth in Paragraph 48 above.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of one hundred fifty thousand dollars ($150,000.00), together with such other further relief which this Court deems just and appropriate, including any compensatory, punitive, treble, consequential and delay damages, attorney's fees and costs to which he is entitled.

**COUNT V**
**PLAINTIFFS v. DEFENDANTS BLOOMSBURG UNIVERISTY OF PENNSYLVANIA.**
**COMMONWEALTH OF PENNSYLVANIA AND LAURA WOLFE, MSN, CRNP, AND**
**JOHN DOE AND JANE ROE 1-10**
**(WRONGFUL DEATH)**

86.     Plaintiff hereby incorporates by reference all paragraphs 1 through 85 as though same were fully set forth herein at length.

87.     As a direct and proximate result of the aforesaid acts and omissions of Defendants Bloomsburg University, Commonwealth of Pennsylvania, Wolfe, and John Doe and Jane Doe #1-10, the Decedent, Ivan Vorobyev, his family and his estate have suffered severe emotional and pecuniary losses and damages including the following:

    a.     An amount which will cover all hospital, medical, funeral, burial, and estate administration expenses incurred;

b.      An amount which will fairly and adequately compensate the family members of the decedent for their loss of such contributions as they would have received between the time of the death of the decedent and today. This includes all monies that the decedent would have spent for or given to his family.

c.      An amount which will fairly and adequately compensate her family for the loss of such contributions as the decedent would have contributed to the support of her family between today and the end of her normal life expectancy.

d.      An amount which will fairly and adequately compensate his family for the pecuniary and emotional value of the services, society and comfort that he would have given to his family had he lived including such elements as provision of physical comfort and services and provision of society and comfort.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of one hundred fifty thousand dollars ($150,000.00), together with such other further relief which this Court deems just and appropriate, including any compensatory, punitive, treble, consequential and delay damages, attorney's fees and costs to which he is entitled.

### COUNT VI
### PLAINTIFF v. DEFENDANTS BLOOMSBURG UNIVERISTY OF PENNSYLVANIA. COMMONWEALTH OF PENNSYLVANIA, LAURA WOLFE, MSN, CRNP, and JOHN DOE and JANE DOE #1-10
### (SURVIVAL ACTION)

88.     Plaintiff hereby incorporates by reference paragraph 1 through **NUMBER** as though same were fully set forth herein at length.

89.     As a direct and proximate result of the aforesaid acts and omissions of Defendants Bloomsburg University, Commonwealth of Pennsylvania, Wolfe, and John Doe and Jane Doe #1-10, the Decedent, Ivan Vorobyev, his family and his estate have suffered severe emotional and pecuniary losses and damages including the following:

a.      An award of the total net amount that the decedent would have earned between the date of his death and today;

Case 3:02-cv-06000-UNC  Document 738  Filed 08/06/20  Page 28 of 28

b.      An award of the amount that the decedent would have earned between today and the natural end of the decedent's life expectancy;

c.      An award of such an amount as will fairly and adequately compensate the estate for the mental and physical pain, suffering, and the inconvenience that the Decedent endured from the moment of the actions of the Defendants to the moment of his death;

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of one hundred fifty thousand dollars ($150,000.00), together with such other further relief which this Court deems just and appropriate, including any compensatory, punitive, treble, consequential and delay damages, attorney's fees and costs to which he is entitled.

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues triable herein.

Respectfully Submitted,

**LOCKS LAW FIRM**

By:_____*/s/ Jerry A. Lindheim*_____
        JERRY A. LINDHEIM, ESQUIRE
        FRANCIS R. GENUS III, ESQUIRE
        Attorneys for Plaintiffs
        PA ID No.'s: 53099 / 326161
        601 Walnut Street, Suite 720 East
        Philadelphia, PA 19106
        (215) 893-3421 / (215) 893-3455
        (215) 893-3444 (fax)
        jlindheim@lockslaw.com
        fgenus@lockslaw.com

Dated: <u>August 5, 2020</u>